# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH LYNN, et al., | : | |
| **Plaintiffs,** | : | |
| v. | : | **CIVIL NO. 09-6086** |
| | : | |
| JEFFERSON HEALTH SYSTEM, et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                          **September 14, 2010**

Before the Court is Plaintiffs' Motion to Remand,[1] which argues that Plaintiffs' state law claims in the above-captioned matter are neither preempted by the Employee Retirement Security Act ("ERISA")[2] nor preempted by the Labor Management Relations Act ("LMRA"),[3] as Defendants[4] assert, and that the Court must therefore remand the case to the Court of Common Pleas of Philadelphia County for lack of federal subject matter jurisdiction. This Motion has been fully briefed, oral argument was heard thereon, and it is now ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This cause of action arises out of Defendants' alleged failure to compensate hourly

_____

[1]Doc. No. 35.

[2]29 U.S.C. § 1001, *et seq.*

[3]29 U.S.C. § 185, *et seq.*

[4]The more than twenty (20) Defendants identified in this suit are divided into two groups, each of which has separately responded to the instant Motion: the Jefferson Health System, Inc. and its affiliates ("Jefferson Defendants") and the Albert Einstein Healthcare Network and its affiliates ("Einstein Defendants"). For purposes of this brief, and because they use similar arguments to justify removal, these will be referred to collectively as "Defendants."

employees, including nurses and other patient care professionals, for all hours worked. The procedural background of this matter is integral to the Court's consideration of the instant motion. The Court adopts verbatim the preliminary factual and procedural summary submitted by all parties in the May 4, 2010 Joint Report,[5] which states in relevant part:

## A. The Initial Federal Action

In November 2009, seven separate actions were filed in this Court against seven separate groups of defendants.[6] In each of these actions, the individual plaintiffs . . . asserted causes of action: (1) for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (2) for alleged violations of ERISA, 29 U.S.C. § 1001, *et seq.*; and (3) for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* The alleged factual predicate underlying these claims is that the plaintiffs were not properly paid by their alleged employers for all time that they allegedly worked.

With respect to the ERISA claims asserted, the plaintiffs in each Initial Federal Action alleged a failure to keep accurate records sufficient to determine benefits, in alleged violation of ERISA's recordkeeping provision, 29 U.S.C. § 1059(a)(1). Plaintiffs in each Initial Federal Action also alleged an ERISA breach of fiduciary duty claim under 29 U.S.C. § 1104(a)(1).

## B. The Removed Actions

Very shortly after filing the Initial Federal Actions, the same individual plaintiffs filed seven separate actions in the Court of Common Pleas, Philadelphia County, against largely the same seven separate groups of defendants named in the Initial Federal Actions. During December 2009, defendants in six of these actions removed

---

[5]Report Of Counsel Pursuant to Court's April 15, 2010 Order (hereinafter, "Joint Report") (Doc. No. 69).

[6]These actions are captioned as follows: <u>Ann Gregg, et al. v. The Trustees of the Univ. of Pa., et al.</u>, No. 09-5547; <u>Collette Davis, et al. v. Abington Mem'l Hosp., et al.</u>, No. 09-5520; <u>Susan Frattarola, et al. v. Mercy Health Sys. of Southeastern Pa., et al.</u>, No. 09-5533; <u>Kenneth Lynn, et al. v. Aria Health Sys., et al.</u>, No. 09-5548; <u>Kenneth Lynn, et al. v. Jefferson Health Sys., Inc., et al.</u>, No. 09-5549; <u>Cassandra Ruff, et al. v. Albert Einstein Healthcare Network, et al.</u>, No. 09-5550; and <u>John Duncheskie, et al., v. Temple Univ. Health Sys., Inc., et al.</u>, No. 09-5551 (collectively the "Initial Federal Actions").

these state court actions to this Court.[7]

In each of the Removed Actions, the plaintiffs asserted numerous causes of action, including claims arising under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., and the Pennsylvania Minimum Wage Act, 43 P.S. [§] 333.101 et seq., as well as twelve other claims arising under Pennsylvania common law, including breach of contract claims, quasi-contractual claims, tort claims, and certain other claims. As with the Initial Federal Actions, the alleged factual predicate underlying the claims in each of the six Removed Actions is that the plaintiffs were not properly paid by their alleged employers for all time that they allegedly worked.

The removal in every one of the six Removed Actions was based, at least in part, on the assertion that certain of the asserted claims fell within the scope of Section 502(a)(1) of ERISA, 29 U.S.C. § 1132(a)(1), which provides the civil enforcement mechanism under ERISA. In three of the seven oppositions filed in response to plaintiffs' remand motions (in the Abington opposition, the Aria opposition and the Jefferson opposition) the defendants also relied upon the express preemption provisions of ERISA Section 514(a), 29 U.S.C. § 1144(a).

The removal in three of the Removed Actions (the Einstein, Jefferson and Mercy cases) is based not only on ERISA preemption, but also on the contention that plaintiffs' claims are based on and/or require interpretation of a CBA and, therefore, are completely preempted and removable under Section 301 of the LMRA, 29 U.S.C. § 185."[8]

Defendants removed the present matter—referred to in the Joint Report as the Jefferson

case—to this Court based on ERISA preemption under § 502(a) (or, alternatively, § 514) and LMRA

---

[7] These actions are: John Duncheskie, et al. v. Temple Univ. Health Sys., Inc., et al., No. 09-6012 (the "Temple" case); Cassandra Ruff, et al. v. Albert Einstein Healthcare Network, et al., No. 09-6013 (the "Einstein" case); Kenneth Lynn, et al. v. Jefferson Health Sys., Inc., et al., No. 6086 (the "Jefferson" case); Kenneth Lynn, et al. v. Aria Health Sys., et al., No. 09-6157 (the "Aria" case); Susan Frattarola, et al. v. Mercy Health Sys. of Southeastern Pa., et al., No. 09-6177 (the "Mercy" case); and Collette Davis, et al. v. Abington Mem'l Hosp., et al., No. 09-6183 (the "Abington" case) (collectively the "Removed Actions").

[8] Joint Report at 4-6.

preemption under § 301. Plaintiffs filed this Motion to Remand on January 18, 2010, asserting that, because their state claims are not preempted by those federal statutory schemes, removal was improper. Plaintiff filed concurrent motions to remand in the other Removed Cases. After these motions were fully briefed, the Court ordered the parties to meet and confer to present a joint report on the common issues of fact and law in the remand motions; counsel were also directed to select a representative motion for argument.[9] Counsel selected the instant Motion as representative, and oral argument was held thereon on May 27, 2010.

## II. DISCUSSION

### A. Removal standard

Removal from state court is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441 provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[10] After removal, a plaintiff may file a motion to remand based on either "any defect" or lack of subject matter jurisdiction.[11] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[12] The federal statutes on removal are strictly construed in favor of remand.[13] Here, Defendants base their Notice of Removal on federal question jurisdiction, asserting that despite the

---

[9] Order (April 15, 2010) (Doc. No. 68).

[10] 28 U.S.C. § 1441 (2002).

[11] 28 U.S.C. § 1447(c) (1996).

[12] Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

[13] See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

absence of an express federal claim on the face of the Complaint, jurisdiction is proper in this Court because federal law completely preempts Plaintiffs' state claims.

### B. ERISA preemption

Defendants assert that all of Plaintiffs' state law causes of action are preempted by ERISA. ERISA's civil enforcement scheme provides for a broad scope of preemption.[14] The ERISA statute contains two provisions relevant to preemption: § 502(a), providing complete preemption, and § 514, providing express preemption.[15] Section 502(a) is the civil enforcement mechanism that governs all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans.[16] In order for complete preemption under § 502(a) of ERISA to apply, the claim must seek "to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits."[17] The United States Supreme Court stated that "any state-law action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[18]

Section 514 provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."[19] The "related to" requirement is given a "broad common-sense meaning, such that a state law 'relates to' a benefit plan in the

---

[14] See Aetna Health v. Davila, 542 U.S. 200 (2004).

[15] See, e.g., Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005).

[16] 29 U.S.C. § 1132(a) (2009).

[17] Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987).

[18] Aetna Health, 542 U.S. at 208-09 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987)).

[19] 29 U.S.C. § 1144 (2006).

normal sense of the phrase if it has a connection with or reference to such a plan."[20]  "[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect."[21]

Plaintiffs assert that in their state court lawsuits, they do not seek to recover benefits due under any benefit plan, to enforce their rights under any benefit plan, or to clarify any rights to future benefits; rather, their state and common law claims simply "arise out of" Defendants' failure to compensate plaintiffs properly. In countering that argument, Defendants cite the numerous references to "employee benefits" throughout the state court Complaint; however, Plaintiffs allege that the term "employee benefits" is used only to link Defendants in their collective employment capacities for purposes of jurisdiction. Regardless, the existence of the term "benefits" in the Complaint is not dispositive, as complaints without explicit references to benefits can be preempted when the state claims implicate ERISA.[22]  For example, courts have held that ERISA preemption under § 514 "encompasses actions for fraud, negligence, breach of contract, and unjust enrichment which relate to an employee benefit plan."[23]

Defendants further argue that Plaintiffs' *ad damnum* clause necessarily implicates ERISA in requesting "fringe benefits."  The parties dispute the meaning of this term as well: Defendants allege that "fringe benefits" under the Pennsylvania Wage Payment and Collection Act ("WPCL") include "all monetary employer payments to provide benefits under any employee benefit

---

[20] Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985) (internal citations omitted).

[21] Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).

[22] See, e.g., Becerra v. McClatchy Co., 2009 U.S. Dist. LEXIS 48429, *10 (stating that a "present claim for ERISA benefits . . . would provide the basis for federal jurisdiction").

[23] See, e.g., Bunnion v. Consol. Rail Corp., 1998 U.S. Dist. LEXIS 219, *21 (E.D. Pa. January 6, 1998).

plan, as defined in . . . [ERISA][,]"[24] while Plaintiffs contend that they intend "fringe benefits" to mean only "vacation pay, holiday pay, [and] sick leave."[25] At the same time, however, Plaintiffs seek ERISA benefits related to pension and retirement plans in their parallel federal Complaint—benefits which are necessarily tied to the same hourly wages allegedly unpaid by Defendants in Plaintiffs' state court Complaint. The compensation or "fringe benefits" Plaintiffs seek based on their state law claims cannot logically be separated from their associated retirement plan contributions and other ERISA benefits.

Defendants highlight a specific instance of parallel language in the federal and state Complaints that evidences Plaintiffs' intention to collect ERISA relief at the state level, namely Plaintiffs' state court Complaint Count XIV, titled "Failure to Keep Accurate Records,"[26] and concurrent federal Complaint Count II, titled "ERISA - Failure to Keep Accurate Records."[27] Plaintiffs assert that the two counts are not the same, because the state claim is brought pursuant to 43 P.S. § 333.108[28] and arises out of Defendants' failure to compensate Plaintiffs for all the hours they worked. The Court finds, however, that the similarity of the two claims supports Defendants' theory that ERISA plans are implicated by the allegedly lost wages and "fringe benefits" prayed for by Plaintiffs. The Court further finds that, due to the inextricability of ERISA benefit plans from the relationship between the parties and the requested remedy, Plaintiffs' state claims are preempted.

---

[24] See 43 P.S. § 260.2a.

[25] Pl.'s Mem. of Law in Supp. of their Mot. to Remand, at 6 n.2 (Doc. No. 36).

[26] Class Action Compl. ¶¶ 223, 224.

[27] See Kenneth Lynn, et al. v. Jefferson Health Sys., Inc., et al., No. 09-5549, Compl. ¶¶ 157-59.

[28] The question of whether there is a private right to action pursuant to 43 P.S. § 333.108 is disputed, but it is not necessary for the Court to decide this issue for purposes of the instant Motion. See 34 Pa. Code. §§ 231.12, 231.31, 231.36; see also Ellis v. Edward D. Jones & Co., L.P., 527 F. Supp. 2d 439 (W.D. Pa. 2007).

## C. LMRA preemption under § 301

As a second basis for removal, Defendants contend that Plaintiffs' WPCL and breach of contract claims are preempted by LMRA. Section 301 of LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.[29]

The United States Supreme Court has held that "[§] 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'"[30] State law rights and obligations that do not exist independently from a collective bargaining agreement ("CBA"), and as a result can be waived or altered by such agreements, are considered to be "substantially dependent" on an agreement, and are therefore preempted by LIMRA.[31] Unlike ERISA preemption, § 301 preemption is a narrowly focused doctrine: the state law claims at issue must be substantially dependent on the resolution and interpretation of the terms of a CBA for the preemption to apply.[32] Section 301 preemption "ensure[s] uniform interpretation of collective-bargaining agreements, and thus . . . promote[s] the peaceable, consistent resolution of labor-management disputes."[33]

---

[29]29 U.S.C. § 185(a).

[30]Caterpillar Inc. v. Williams, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (internal citations omitted).

[31]See, e.g., Stafford v. Hess Oil V.I. Corp., 133 F. Supp. 2d 384, 388 (D.V.I. 2001) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985)).

[32]See Caterpillar, 482 U.S. at 394.

[33]Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988).

Here, the Einstein Defendants assert that for a particular group of Plaintiffs' class members employed by the Albert Einstein Medical Center ("AEMC") at its York and Tabor Road location, a CBA is the sole, governing employment agreement.[34] The Jefferson Defendants attach a second CBA to their response memorandum and contend that this CBA applies to a large number of its employees.[35] Both CBAs address, at least in part, wages, overtime, shift differentials, holiday pay and vacations.[36] Both groups of Defendants assert that, despite the fact that the CBAs do not cover the entire purported class, Plaintiffs' Wage Payment and Collection Law ("WPCL")[37] and contract claims are preempted by § 301 because the Court must examine the CBAs to determine whether Plaintiffs have a right to relief. WPCL claims are based in contract; the Third Circuit has held that the WPCL "does not create a right to compensation. . . . rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned."[38] Thus, it follows that when a CBA is the contract requiring interpretation, § 301 completely preempts a WPCL claim.[39]

Plaintiffs' WPCL claims rely on the requirement set forth in 43 P.S. 260.3(a) that an employer must pay for all time it "suffers or permits" an employee to work, including time

---

[34] Opp. of Einstein Defs. to Pl.'s Mot. to Remand Ex. C-1 ("Einstein CBA") (Doc. No. 41).

[35] Jefferson Defs.' Resp. in Opp. to Pl.'s Mot. to Remand Ex. A ("Jefferson CBA") (Doc. No. 42).

[36] Id.; Einstein CBA.

[37] 43 P.S. § 260.1, *et seq.*

[38] Antol v. Esposto, 100 F.3d 1111, 1117 (3d Cir. 1996) (citing Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990)).

[39] Local Union No. 98, IBEW v. Morris, 2004 U.S. Dist. LEXIS 13156, *9 (E.D. Pa. July 9, 2004) (citing Antol, 100 F.3d at 1118).

during working lunches.  Plaintiffs assert that their state claims do not require interpretation of either CBA, but are premised upon substantive, independent violations of the WPCL.  Plaintiffs argue that this statute supercedes any CBA term, if one existed.[40]  As noted above, however, the statute does not create an independent right to compensation; a plaintiff's right to relief depends on what contractual terms exist between the parties.  While Plaintiffs claim the existence of implied or express agreements between the parties that are separate and independent from the CBAs, this claim is yet to be established.  Even if such agreements do exist, the Court must interpret the terms of the CBA to determine whether the CBA expressly precludes the validity of other individual employment contracts (which they appear to do[41]).  More importantly, the CBAs submitted by Defendants include wage provisions that are likely to be the source for Plaintiffs' alleged right to wages.  Interpretation of the CBAs will undoubtedly be necessary to evaluate Plaintiffs' claims, therefore the Court concludes that Plaintiffs' WPCL claims are also preempted.

Plaintiffs further argue that their breach of contract claims do not require CBA interpretation, because the employment contracts at issue were individual employment contracts into which the employees were free to enter even if they were also covered by a CBA.  The analysis of Plaintiffs' other state-plead contract claims, however, is similar to that applied to their WPCL claims; § 301 preempts breach of contract claims when an analysis of a CBA is necessary to determine plaintiffs' right to relief.[42]  Plaintiffs' entitlement to compensation and benefits here is

---

[40] See, e.g., Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985).

[41] Einstein CBA Art. 31.2; Jefferson CBA Art. 34.4.

[42] Milione v. Hahnemann University, 1990 U.S. Dist. LEXIS 6407, *12 (E.D. Pa. May 29, 1990) (holding that "because the alleged existence of plaintiff's individual contract with Hahnemann directly contradicts the express terms of the collective bargaining agreement, her state law breach of contract claim is preempted").

clearly disputed, and can only be resolved by examining any and all relevant contractual agreements between employer and employee, including the CBAs. In particular, the Court's consideration of implied contracts alleged to exist between the parties implicates the CBAs, if the CBAs are held to be valid employment agreements, because the Third Circuit has held that any "implied contractual duty" necessarily requires an analysis of the terms of the CBA to determine if the contract as a whole obliges the employer to act with good faith and fair dealing.[43] Thus, Plaintiffs' state-plead breach of contract claims are also preempted by LMRA.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand shall be denied. The Court further finds that ERISA preempts the state cause of action in full, and that the differences alluded to by Defendants in the parties' Joint Report (*e.g.*, different employers, different bargaining units of employees, or different CBAs with different language)[44] as a basis for opposing the Court's use of a representative case to analyze the motions to remand do not change the result found herein. Nor does the Court find Defendants' invocation of "differences in the legal arguments put forth by various defendants in opposition to various motions to remand"[45] sufficiently specific to dissuade the Court from its clearly expressed intention to decide the motions together. The Court provided the parties with full and fair notice of that intent in its April 15th Order, and nothing in the parties' responsive Joint Report or subsequent oral argument suggests that the analysis of this representative matter cannot fairly be applied to the remaining motions. Therefore, in the interest of judicial

---

[43]See Guerrero v. Hovensa, 259 Fed. Appx. 453 (3d Cir. 2007) (internal citations omitted).

[44]Report of Counsel Pursuant to Court's April 15, 2010 Order, at 2 and n.1 (Doc. No. 69).

[45]Id.

economy and efficient management of this complex litigation, the Court shall hereafter apply its reasoning and ruling to all outstanding motions to remand in the related actions.  The Court will issue separate orders consolidating all related parallel federal and state cases.

An appropriate Order follows.